**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LINDA S. OLSAVSKY,** | ) | **CASE NO.4:14CV510** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **PRESTIGE HEALTHCARE, ET AL.,** | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **Defendant.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J:**</u>

This matter is before the Court Defendants' Motion to Stay Case Pending Arbitration (ECF # 4) and on the Joint Motion to Stay Case Pending Arbitration (ECF # 6).  For the following reasons, the Court grants the motions, in part, refers the case to arbitration pursuant to the parties' arbitration agreement, but dismisses the case under relevant case law and the parties' own express agreement.

<u>**Procedural History**</u>

Plaintiff Linda Olsavsky filed her Complaint in state court, alleging state law claims for promissory estoppel, wrongful discharge, sexual harassment, hostile work environment, retaliation and tortious interference with employment contract.  Defendants removed the case on March 6, 2014, alleging diversity jurisdiction.

That same day, Defendants filed a Motion to Stay the Case Pending Arbitration.

According to Defendants, all of Plaintiff's claims against them are governed by a mandatory,

binding arbitration clause found in the Employee Handbook.  Defendants contend:

> The Arbitration Agreement at issue here is clear. It requires Plaintiff to submit
> employment-related disputes that she has against the company or its owners,
> directors, officers, managers, employees, or agents, to binding arbitration. All
> of the allegations in Plaintiff's Complaint relate to the relationship between the
> parties established by the employment relationship between Plaintiff and
> Prestige Healthcare.

(Defendants' Motion to Stay pg. 4).

In support of their Motion, Defendants' filed the Employee Handbook and Plaintiff's

signed acknowledgment that she received the Handbook, read it and understood its contents

concerning Defendants' policies.   The acknowledgment was dated January 2, 2012.

On March 27, 2012, the parties filed a Joint Motion to Stay Case Pending Arbitration

(ECF # 6).  In their Joint Motion the parties represent:

> Parties agree that Olsavsky's claims must be submitted to arbitration pursuant
> to the terms of the arbitration agreement outlined in Prestige Healthcare's
> Employee Handbook.

## Law and Analysis

### The Federal Arbitration Act ("FAA") 9 U.S.C. §§ 1, *et seq*.

The FAA provides that an arbitration clause in a "transaction involving commerce ...

shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in

equity for the revocation of any contract."  9 U.S.C. § 2 (2003).  The FAA further mandates

that when the Court is "satisfied that the making of the agreement for arbitration ... is not in

issue, the court shall make an order directing the parties to proceed to arbitration in

accordance with the terms of the agreement."  9 U.S.C. § 4 (2003).  The FAA establishes a liberal policy favoring arbitration agreements, and any doubts regarding arbitrability should be resolved in favor of arbitration over litigation.  See *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir.2003).  "A central purpose of the FAA is 'to reverse the longstanding judicial hostility to arbitration agreements ... and to place arbitration agreements upon the same footing as other contracts.'" *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991).       The FAA requires courts to "rigorously enforce" arbitration agreements.  *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985).  Yet, arbitration clauses are subject to the same defenses or bars as other contract provisions.  9 U.S.C. § 4 (2003).  The Court must ascertain whether the parties agreed to arbitrate the dispute at issue.  See *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985).  A party cannot be required to arbitrate any dispute if the party has not agreed to do so.  *Steelworkers v. Warrior & Gulf Co.*, 363 U.S. 574, 582 (1960).  The FAA does not confer an absolute right to compel arbitration, but only a right to obtain an order directing that "arbitration proceed in the manner provided for in [the parties'] agreement." *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University*, 489 U.S. 468, 469 (1989).  The "party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Financial Corp.- Alabama v. Randolph*, 531 U.S. 79, 91 (2000); *Gilmer*, 500 U.S. at 26.

Here, the parties agree Plaintiff's claims against Defendants are arbitrable.  The relevant arbitration clause found in Defendants' Employee Handbook reads in pertinent part:

10.0 EMPLOYEE ARBITRATION
1. Any "covered claim" that you may have against the Company (or its owners,

3

directors, officers, managers, employees or agents) or that the Company may have against you shall be submitted exclusively to and determined exclusively by binding arbitration under the Federal Arbitration Act, 9 U.S.C. § 1 et seq., regardless of the state in which the arbitration is held or the substantive law applied in the arbitration.

Later, in paragraph 5 of Section 10.0 it reads:

5.  Neither the Company nor you can file a civil lawsuit in court against the other party relating to such covered claims. If a party files a lawsuit in court to resolve claims subject to arbitration, both agree that the court shall dismiss the lawsuit and require the claim to be resolved through arbitration.

Once a court determines a suit is referable to arbitration under the terms of a written agreement, the matter shall be stayed "until such arbitration has been had in accordance with the terms of the agreement."  9 U.S.C. § 3 (2003).  However, it may be appropriate, in certain circumstances, to dismiss a case rather than stay the proceedings.  *Stachurski v. DirecTV, Inc.*, 642 F.Supp.2d 758, 764 (N.D.Ohio 2009).  "If all the claims in the case are within the scope of the arbitration agreement and 'there is nothing left for the district court to do but execute judgment,' dismissal [of the case] is appropriate.'"  *Stachurski, id.* (citing *Ewers v. Genuine Motor Cars, Inc.,* No. 1:07 CV 2799, 2008 WL 755268, at *7 (N.D.Ohio Mar. 19, 2008)) (quoting *Arnold v. Arnold Corp.-Printed Communications for Business,* 920 F.2d 1269 (6th Cir.1990)).

In light of the parties' representations in Defendants' Motion and the parties' Joint Motion, it is undisputed that this lawsuit is referable to arbitration under the terms of the parties' written agreement.   The parties further agree that all of Plaintiff's claims are subject to arbitration.  Since the arbitration involved is binding arbitration, there is nothing remaining for the Court to do but enter judgment that Plaintiff's claims are subject to binding arbitration. This comports with the plain language of the arbitration clause at Section 10.0 paragraph 5 of

4

the Employee Handbook, acknowledging that if arbitrable claims are filed in a civil suit the

suit must be dismissed.

Based upon the parties' filings and the applicable law, the Court determines and the

parties agree that the above-captioned matter is encompassed by the Arbitration Clause

(Section 10.0) of the Employee Handbook.  The Court further finds that all of the parties'

claims are subject to binding arbitration and there is nothing left before this Court except to

execute judgment.  *Stachurski*, 642 F.Supp.2d at 764.

Therefore, the Court grants, in part, Defendants' Motion (ECF # 4) and the Joint

Motion to Stay (ECF # 6); the parties shall proceed to arbitration with the American

Arbitration Association, and the above-captioned case is dismissed in its entirety.

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: April 1, 2014**

5